**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEX ANATAN FUENTES MONZON, | No. 21-70541 |
| Petitioner, | Agency No. A209-865-435 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 21, 2023**
Pasadena, California

Before: S.R. THOMAS, NGUYEN, and FORREST, Circuit Judges.

Petitioner Alex Anatan Fuentes Monzon (Fuentes),[1] a citizen and national of

Guatemala, seeks review of the Board of Immigration Appeals' (BIA) decision

---

   * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

   [1]Although the agency referred to the Petitioner as Alex Anatan Monzon Fuentes, his birth certificate and other documents indicate that his last name is Fuentes Monzon.

denying his claims for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. ***Adverse Credibility Determination.*** Substantial evidence supports the agency's adverse credibility determination where there were several inconsistencies among Fuentes's hearing testimony, credible fear interview, and multiple declarations in support of his asylum application. For example, Fuentes failed to mention his preaching activities or that gang members threatened him in his credible fear interview, his asylum application, and his first few declarations. Additionally, Fuentes's hearing testimony about his persecutors' motivation was inconsistent with his earlier written statements and credible fear interview. *See, e.g.*, *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020) ("[O]missions are probative of credibility to the extent that later disclosures, if credited, would bolster an earlier, and typically weaker, asylum application."); *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008) (concluding that petitioner's failure to "mention his numerous political speeches in his initial application for asylum and interview with the asylum officer" provided substantial evidence for the agency's adverse credibility determination); *see also Singh v. Holder*, 638 F.3d 1264, 1270 (9th Cir. 2011) ("If the person cannot tell substantially the same story twice in substantially the same way, that suggests a likelihood that the story is false."). These discrepancies were significant because

2

Fuentes's religious conduct was central to his evolving claim. *See Shrestha v. Holder*, 590 F.3d 1034, 1044, 1047 (9th Cir. 2010) (noting that "when an inconsistency is at the heart of the claim it doubtless is of great weight"). And Fuentes failed to provide a compelling explanation when confronted with these inconsistencies. *See id.* Collectively, these discrepancies constitute substantial evidence to support the agency's adverse credibility determination.

The agency's adverse credibility finding supports its denial of asylum, withholding of removal, and CAT protection because "[w]ithout [Fuentes]'s testimony, the remaining evidence in the record is insufficient to carry h[is] burden of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017); *see also Singh v. Lynch*, 802 F.3d 972, 977 (9th Cir. 2015) (explaining that the agency may rely on adverse credibility determination in deciding both CAT and asylum claims where claims are based on same noncredible statements), *overruled on other grounds by Alam v. Garland*, 11 F.4th 1133 (9th Cir. 2021) (en banc). Fuentes concedes that "without [his] testimony, [he] had no evidence to support his claims."

2. ***Due Process Claim.*** Fuentes argues that he was denied a full and fair hearing and an impartial decisionmaker because the immigration judge (IJ) was biased against him. We deny this due process claim because Fuentes failed to exhaust it before the BIA. *See Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002)

3

("The exhaustion requirement applies to claims that an alien was denied a full and fair hearing." (internal quotation marks and citation omitted)). In his appeal to the BIA, Fuentes argued only that the IJ's credibility determination was erroneous and that he was denied an opportunity to provide corroborating evidence of his evangelical preaching in the gang neighborhood.[2] The Supreme Court has clarified that exhaustion in this context is not jurisdictional and therefore can be forfeited. *See Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1116 (2023) (construing exhaustion as a claims-processing rule). The Government did not forfeit exhaustion—it specifically argues that Fuentes failed to raise this bias challenge to the BIA. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019) (explaining that a court must enforce a claims-processing rule "if a party 'properly raise[s]' it" (alteration in original)).

**PETITION DENIED.**

---

[2]The BIA rejected Fuentes's argument that the IJ failed to provide him an opportunity to corroborate his claims. Fuentes does not challenge this holding on appeal, so we do not address it. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir. 2003) ("[W]e will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." (internal quotation marks and citation omitted)).